UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER L. ANDERSON, | No. 2:14-cv-0708 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On February 24, 2009, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on April 30, 2008. (Transcript ("Tr.") at 259.) Plaintiff's application was denied initially, upon

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 7 & 8.)

reconsideration, and after a hearing before an Administrative Law Judge ("ALJ"). (Id. at 150, 155, 130-40.) However, on January 31, 2012, the Appeals Council remanded the matter back to the ALJ for further proceedings. (Id. at 145-48.)

Accordingly, another administrative hearing was held before an ALJ May 23, 2012. (Id. at 18, 72-96.) Plaintiff was represented by an attorney and testified at that administrative hearing. (Id. at 72-73.) In a decision issued on August 8, 2012, the ALJ found that plaintiff was not disabled. (Id. at 29.) The ALJ entered the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2011.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of April 30, 2008 through his date last insured of December 31, 2011 (20 CFR 404.1571 *et seq.*).
>
> 3. Through the date last insured, the claimant had the following severe impairments: posttraumatic stress disorder and alcohol abuse (20 CFR 404.1520(c)).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to simple, unskilled work.
>
> 6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. The claimant was born on March 27, 1946 and was 65 years old, which is defined as an individual closely approaching retirement age, on the date last insured (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

/////

> 10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).
>
> 11. The claimant was not under a disability, as defined in the Social Security Act, at any time from April 30, 2008, the alleged onset date, through December 31, 2011, the date last insured (20 CFR 404.1520(g)).

(Id. at 20-29.)

On January 13, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's August 8, 2012. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 17, 2014.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff asserts the following four principal claims: (1) the ALJ erred at step two of the sequential evaluation: (2) the ALJ's treatment of the Department of Veterans Affairs ("VA") disability rating constituted error; (3) the ALJ's treatment of the medical opinion evidence constituted error; and (4) the ALJ improperly calculated plaintiff's last insured date.[2] (Pl.'s MSJ (Dkt. No. 16) at 14-23.[3]) Below the court will address each of plaintiff's claims of error on the part of the ALJ.

**I.   Step Two Error**

Plaintiff argues that the ALJ improperly evaluated plaintiff's impairments at step two of the sequential evaluation process and erred by failing to find that plaintiff's back pain was a severe impairment. (Id. at 21-25.)

/////

---

[2] The court has reorganized plaintiff's claims for purposes of efficiency.

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The Commissioner's regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) & 416.921(b).

The Supreme Court has recognized that the Commissioner's "severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." Yuckert, 482 U.S. at 153. However, the regulation must not be used to prematurely disqualify a claimant. Id. at 158 (O'Connor, J., concurring). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." Smolen, 80 F.3d at 1290 (internal quotation marks and citation omitted). "[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28). See also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy the step two burden where "none of the medical opinions included a finding of impairment, a diagnosis, or objective test results"). "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims[.]'" Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290). See also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13

5

1  (N.D. Cal. Feb.11, 2008) (describing claimant's burden at step two as "low").

2  Here, the ALJ found that plaintiff's "chronic low back pain" was "not severe." (Tr. at 21.) In this regard, the ALJ noted that although plaintiff had "a history of chronic low back pain that was briefly exacerbated by a motor vehicle accident in November 2010," and "[i]maging studies revealed degenerative changes," plaintiff "completed a course of physical therapy in March 2011," and "[s]ince then, the record contains few complaints of active symptoms and examinations reveal few objective findings." (Id.) The ALJ also found that the opinion of examination physician Dr. Umer Malik, and the opinions of non-examining state agency physicians, "supported" the conclusion that plaintiff's back pain was "not severe." (Id.)

Dr. Malik and the state agency physicians, however, rendered their opinions prior to plaintiff's November 2010 vehicle accident. Specifically, Dr. Malik's opinion was based on a November 15, 2009 examination of the plaintiff, (id. at 485), and the state agency physicians provided their opinions on June 10, 2009, (id. at 444), and December 9, 2009. (Id. at 495.)

Moreover, the evidence of record establishes that on November 15, 2010, plaintiff was struck by a car while walking in a parking lot and, thereafter, complained of "PAIN TO LEGS AND BACK." (Id. at 329, 331.) On November 18, 2010, plaintiff went to the emergency room complaining of back pain. (Id. at 586.) On December 28, 2010, plaintiff was seen for a "follow-up on . . . back pain," during which time "tenderness over right rhomboid with pain on tensing of this muscle," was observed and plaintiff's Vicodin prescription was increased. (Id. at 706-07.)

On January 3, 2011, it was observed that plaintiff had less than a full range of spinal motion. (Id. at 665-66.) On February 24, 2011, a lumbar spine MRI revealed a "posterior disk bulge" at the L2-3 and L3-4 disks, "[m]oderate canal stenosis secondary to 2-3mm posterior disk bulge and facet joint hypertrophy" at the L4-5 disk, and "[m]oderate left and mild right neural foraminal narrowing secondary to 2-3 mm posterior disk bulge and facet joint hypertrophy" at the L5-S1 disk. (Id. at 584.) A thoracic MRI that same day revealed that plaintiff was suffering from "1-2 mm posterior disk bulges throughout the majority of the thoracic spine." (Id. at 581.)

On May 6, 2011, plaintiff was examined by Dr. Ardavan Aslie, a "Spine Surgeon," who suggested that plaintiff receive "epidural injections to the lumbar spine," and "anterior and

posterior L5-S1 fusion" surgery if plaintiff's back pain did not respond to the injections. (Id. at 671-72.) On June 14, 2011, November 8, 2011, and April 3, 2012, plaintiff continued to receive Vicodin as treatment for his back pain. (Id. at 612-13, 646-47, 683.) At the May 23, 2012 administrative hearing, plaintiff testified that he continued to suffer back pain that limited his ability to lift, stand and sit. (Id. at 85-87.)

As noted above, the ALJ's conclusion that the claimant lacks a medically severe impairment or combination of impairments is valid only when that conclusion is "clearly established by medical evidence." Webb, 433 F.3d at 687. Here, it simply cannot be said that the ALJ's conclusion that plaintiff's back pain was not a medically severe impairment was clearly established by medical evidence. See Ortiz v. Commissioner of Social Sec., 425 Fed. Appx. 653, 655 (9th Cir. 2011) ("This is not the total absence of objective evidence of severe medical impairment that would permit us to affirm a finding of no disability at step two.")[4]; Webb, 433 F.3d at 687 ("Although the medical record paints an incomplete picture of Webb's overall health during the relevant period, it includes evidence of problems sufficient to pass the de minimis threshold of step two."); Russell v. Colvin, 9 F.Supp.3d 1168, 1186-87 (D. Or. 2014) ("On review, the court must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that Ms. Russell did not have a medically severe impairment or combination of impairments."); cf. Ukolov, 420 F.3d at 1006 ("Because none of the medical opinions included a finding of impairment, a diagnosis, or objective test results, Ukolov failed to meet his burden of establishing disability."). The ALJ erred in failing to consider the medical evidence of record for the period plaintiff's motor vehicle accident in November 2010 in making the determination at step two of the sequential evaluation.

Accordingly, the court finds that plaintiff is entitled to summary judgment in his favor with respect to his claim that the ALJ erred by failing to find at step two of the sequential evaluation that plaintiff's back pain constituted a severe impairment.

/////

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

## II. VA Disability Rating

Plaintiff also argues that the ALJ erred by giving little weight to the VA's disability rating.[5] (Pl.'s MSJ (Dkt. No. 16) at 33-34.)

While a VA disability rating does not compel the Social Security Administration to reach an identical result, an ALJ "must ordinarily give great weight to a VA determination of disability." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). However, "'because the VA and SSA criteria for determining disability are not identical,'" an ALJ may "'give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record.'" Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 695 (9th Cir. 2009) (quoting McCartey, 298 F.3d at 1076). See also Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("We note that, on remand, the ALJ is not compelled to adopt the conclusions of the VA's decisions wholesale, but if she deviates from final VA decisions, she may do so based only on contrary evidence that is persuasive, specific, valid and supported by the record.").

Here, the ALJ acknowledged that the "VA determined the claimant has a 50% service-connected disability due to posttraumatic stress disorder."[6] (Tr. at 27.) The ALJ, however, assigned "little weight" to the VA's determination, asserting that "[s]ervice-connected disability is a finding specific to the VA," and that the VA's decision is "not binding on Social Security." (Id.) The reason given by the ALJ for giving the VA rating little weight was not, however, a

---

[5] Typically, the court would find that, in light of the remand required by the ALJ's error at step two, the court need not address plaintiff's remaining claims. See Frazier v. Commissioner of Social Sec., No.2:13-CV-0756 GEB CMK, 2014 WL 4418199, at *4 (E.D. Cal. Sept. 4, 2014) ("As the determination as to plaintiff's severe impairment at step two impacts the rest of the sequential analysis, an error at step two necessarily will require addition[al] proceedings. . . . As remand is recommended, the other errors claimed by plaintiff need not be analyzed at this time."). However, because the error with respect to the ALJ's treatment of the VA's disability rating is readily apparent, the court will also address that claim so as to expedite future proceedings in this matter.

[6] "When determining whether a veteran is eligible for social security disability benefits . . . an Administrative Law Judge ('ALJ') must pay particularly close attention to the VA's findings regarding a PTSD diagnosis." Greger v. Barnhart, 464 F.3d 968, 974 (9th Cir. 2006) (Ferguson, J., dissenting).

"persuasive, specific, valid reason" for affording less weight to the VA's disability rating. Berry v. Astrue, 622 F.3d 1228, 1236 (9th Cir. 2010). See also Valentine, 574 F.3d at 695 ("Insofar as the ALJ distinguished the VA's disability rating on the general ground that VA and SSA disability inquiries are different, her analysis fell afoul of McCartey.").

Accordingly, the court finds that the reasons given by the ALJ for affording less weight to the VA's disability rating were not persuasive, specific or valid reasons supports by the record in this case. Plaintiff, therefore, is also entitled to summary judgment in his favor with respect to this claim.

## SCOPE OF REMAND

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021. See also Treichler, 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, because the ALJ erred at step two of the sequential evaluation, this matter must be remanded for further proceedings. On remand the ALJ shall address plaintiff's argument with respect to the date last insured, shall find plaintiff's back pain a severe impairment and proceed with the sequential evaluation. If the ALJ decides to give less weight to the VA's disability rating the ALJ shall give persuasive, specific and valid reasons for doing so that are supported by the record.

9

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 16) is granted;
2. Defendant's cross-motion for summary judgment (Dkt. No. 19) is denied;
3. The Commissioner's decision is reversed; and
4. This matter is remanded for further proceedings consistent with this order.

Dated: August 26, 2015

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\anderson0708.ord.docx